VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-05546

| Hope Clough et al v. Barbara Chatfield et al |
| --- |

# DISMISSAL

Plaintiffs filed the present action with the Court on December 31, 2024.  At the direction of the Court, Plaintiffs filed an amended complaint on February 18, 2025.  The amended complaint names sixteen different defendants and seeks both monetary relief and declaratory relief concerning the rights and responsibilities between the various parties to a common right-of-way.

Plaintiffs claim that they have served every Defendant in this case except for Peter Terry and the Estate of Claude Moulton.  That means Plaintiffs have either returns of service or signed waivers of service for fourteen out of sixteen of the named Defendants in this case.  To date, however, the Court has not received a single return of service or signed waiver of service for any of the Defendants for either the original complaint or the amended complaint.

The Court has issued three Orders setting deadlines for the Plaintiffs to file their returns of service. On March 12, 2025, the Court first directed Plaintiffs to file their returns of service, which they claimed to have, on or before March 31, 2025.  In this Order, the Court explained that Rule 4 requires a plaintiff to send a defendant a waiver of service, but it then requires the plaintiff to serve the defendant through a formal service processor, usually a deputy sheriff, if the defendant does not waive.  V.R.C.P. 4.  The Court further explained that the certified mail receipts that Plaintiffs had filed were not sufficient to serve any of the parties, unless the waivers had been signed and returned to them.  Therefore, Plaintiffs needed to file either the signed waivers from the various defendants, or they needed to file the returns of service from the Sheriff's office to prove that service had occurred.

On March 26, 2025, in response to a motion to extend the deadline for service on the other two parties, the Court re-stated its expectation that Plaintiffs would file their returns of service with the Court and again explained the need for such proof of service.  No returns or waivers were filed on March 31, 2025.

On April 28, 2025, the Court gave Plaintiffs a further extension and set May 8, 2025 as the deadline for filing all waivers of service and returns of service in their possession. Given that Plaintiffs continue to represent that they have completed service on fourteen of the Defendants, the Court finds this to be both a reasonable expectation and a necessary one under the rules of civil procedure. In its Order, the Court stated that if such returns and waivers were not filed on or before May 8, 2025, then the Court would dismiss the present action under V.R.C.P. 41(b) for a failure to prosecute and follow the Court's Orders.

May 8, 2025 has come and passed, and the Court still has not received a single waiver or return of service. Plaintiff has filed a motion seeking to extend the time for service for the remaining two defendants, Peter Terry and the Estate of Claude Moulton, but it has provided no explanation to the Court regarding the other fourteen defendants.

At this point, it has been more than 131 days since the original complaint was filed and 82 days since the amended complaint has been filed. In that time, the Court has not received a single signed waiver or return of service from Plaintiffs, despite the Court's three Orders and clear expectations. Under Rule 3, a complaint must be served within 60 days of its original filing with the Court. While the Court can grant extensions under Rule 6, the parties seeking such an extension must act in good faith and in compliance with the Court's orders. V.R.C.P. 6(b). In light of the fact that Plaintiffs are self-represented, the Court has been willing to grant such extensions and has sought to communicate both the rules and expectations to them. While courts may apply the rules of civil procedure in a flexible manner to self-represented litigants, such litigants remain bound by the rules and must comply with the standards. *Zorn v. Smith*, 2011 VT 10, ¶ 22.

### ORDER

Based on the foregoing non-compliance and the failure to file either waivers or returns of service for the fourteen defendants that Plaintiffs claim to have served, the present matter is **Dismissed without Prejudice**. V.R.C.P. 41(b). The present matter is closed, and any pending motions are **Dismissed as moot.**

Electronically signed on 5/11/2025 11:18 AM pursuant to V.R.E.F. 9(d)

Vermont Superior Court
Filed 05/12/25
Orange Unit

Daniel Richardson
Superior Court Judge